IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ISAAC DEWAYNE RUSSELL                                                    PLAINTIFF
ADC #132326

V.                                       NO. 2:07cv00055 JLH-JWC

LARRY NORRIS, et al                                                     DEFENDANTS

<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**I. Instructions**

The following recommended disposition has been sent to United States District

Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of these findings and recommendations.  A copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such
        a  hearing is granted)  was not  offered at  the hearing before the Magistrate
        Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On April 30, 2007, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff failed to submit a calculation sheet that had been properly completed by an authorized official of the incarcerating facility stating the amount of money or securities on deposit in his institutional account for the previous six-month period, in forma pauperis status was denied.

So that the Court could determine how the $350 filing fee would be paid, by order entered May 7, 2007 (docket entry #3), Plaintiff was directed to complete and sign a new in forma pauperis application.  At Plaintiff's request, an authorized official of the East Arkansas Regional Unit was directed to complete and sign the certificate portion of his application, along with the required calculation sheet.  Plaintiff was directed to file the completed in forma pauperis application on or before June 7, 2007.

The Court's May 7, 2007, order has not been returned and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the East Arkansas Regional Unit.  This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.     Any PENDING MOTIONS should be DENIED AS MOOT.

3.     The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4.      This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 3rd day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.